UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

ANA RUTH MONCADA VELASQUEZ,

                          Petitioner,

            v.

JOHN MORALES, Field Office Director of
Enforcement and Removal Operations, San
Antonio Field Office, Immigration and Customs
Enforcement; KRISTI NOEM, Secretary, U.S.
Department of Homeland Security; U.S.
DEPARTMENT OF HOMELAND
SECURITY; PAMELA BONDI, U.S. Attorney
General; EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW; WARDEN OF
LAREDO PROCESSING CENTER,

                          Respondents.

Case No.

**PETITION FOR WRIT OF
HABEAS CORPUS**

**INTRODUCTION**

1. Petitioner, ANA RUTH MONCADA VELASQUEZ, brings this petition for a writ of habeas corpus to seek enforcement of her rights as a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.) Petitioner is in the physical custody of Respondents at the Laredo Processing Center. She now faces unlawful detention because the Department of Homeland Security (DHS) and the Executive Office for Immigration Review (EOIR) have refused to abide by the declaratory judgment issued on behalf of the certified class in *Maldonado Bautista v. Santacruz*.

2. On November 20, 2025, the district court granted partial summary judgment on behalf of individual plaintiffs and on November 25, 2025, certified a nationwide class and extended declaratory judgment to the certified class. *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025) (order granting partial summary judgment to named Plaintiffs-Petitioners); *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (order certifying Plaintiffs-Petitioners' proposed nationwide Bond Eligible Class, incorporating and extending declaratory judgment from Order Granting Petitioners' Motion for Partial Summary Judgment).

3. The declaratory judgment held that the Bond Denial Class members are detained under 8 U.S.C. § 1226(a), and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Maldonado Bautista*, 2025 WL 3289861, at *11.

4. Nonetheless, the Executive Office for Immigration Review and its subagency the Immigration Court and the Department of Homeland Security (DHS) have blatantly refused to

PETITION FOR WRIT OF HABEAS CORPUS - 1

abide by the declaratory relief and have unlawfully ordered that Petitioner be denied the opportunity to be released on bond.

      a. Petitioner, ANA RUTH MONCADA VELASQUEZ, is a member of the Bond Eligible Class, as she:

      b. does not have lawful status in the United States and is currently detained at the Laredo Processing Center. She was apprehended by immigration authorities on September 25, 2025;

      c. entered the United States without inspection on April 18, 2018 and was not apprehended upon arrival, *cf. id.*; and

      d. is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.

5.     After apprehending Petitioner on September 25, 2025, the DHS placed her in removal proceedings pursuant to 8 U.S.C. § 1229a. DHS has charged Petitioner as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as someone who entered the United States without inspection.

6.     The Court should expeditiously grant this petition.

7.     Respondents are bound by the judgment in *Maldonado Bautista*, as it has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a). Nevertheless, Respondents continue to flagrantly defy the judgment in that case and continue to subject Petitioner to unlawful detention despite her clear entitlement to consideration for release on bond as a Bond Eligible Class member.

8.     Immigration judges have informed class members in bond hearings that they have been instructed by "leadership" that the declaratory judgment in *Maldonado Bautista* is not controlling, even with respect to class members, and that instead IJs remain bound to follow the agency's prior decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

PETITION FOR WRIT OF HABEAS CORPUS - 2

9.      Because Respondents are detaining Petitioner in violation of the declaratory judgment issued in *Maldonado Bautista,* the Court should accordingly order that within one day, Respondent DHS must release Petitioner.

10.     Alternatively, the Court should order Petitioner's release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a) within seven days.

## JURISDICTION

11.     Petitioner is in the physical custody of Respondents. Petitioner is detained at the Laredo Processing Center at 4702 East Saunders St. Laredo, Texas 78401.

12.     This Court has jurisdiction under 28 U.S.C. § 2241(c)(5) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

13.     This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

14.     Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Southern District of Texas, the judicial district in which Petitioner currently is detained.

15.     Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Texas.

PETITION FOR WRIT OF HABEAS CORPUS - 3

**REQUIREMENTS OF 28 U.S.C. § 2243**

16.    The Court should grant the petition for writ of habeas corpus "forthwith," as the legal issues have already been resolved for class members in *Maldonado Bautista.*

17.    Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

**PARTIES**

18.    Petitioner, ANA RUTH MONCADA VELASQUEZ, a citizen of Honduras who has been in immigration detention since September 25, 2025. After Petitioner was arrested, ICE did not set bond, and Petitioner requested review of her custody by an IJ. On December 11, 2025, Petitioner was denied bond by an IJ at the Laredo Immigration Court because she was deemed an "applicant for admission." Petitioner has resided in the United States since April 18, 2028.

19.    Respondent, JOHN MORALES, is the Director of the San Antonio Field Office of ICE's Enforcement and Removal Operations division. As such, JOHN MORALES, is Petitioner's immediate custodian and is responsible for Petitioner's detention and removal. He is named in his official capacity.

20.    Respondent KRISTI NOEM is the Secretary of the Department of Homeland Security. She is responsible for the implementation and enforcement of the Immigration and

PETITION FOR WRIT OF HABEAS CORPUS - 4

Nationality Act (INA), and oversees ICE, which is responsible for Petitioner's detention. Ms. Noem has ultimate custodial authority over Petitioner and is sued in her official capacity.

21. Respondent, DEPARTMENT OF HOMELAND SECURITY (DHS), is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

22. Respondent, PAMELA BONDI, is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity.

23. Respondent, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW (EOIR), is the federal agency responsible for implementing and enforcing the INA in removal proceedings, including for custody redeterminations in bond hearings.

24. Respondent, WARDEN OF LAREDO PROCESSING CENTER, is the warden of where Petitioner is detained. He/she has immediate physical custody of Petitioner. He/she is sued in his/her official capacity.

## CLAIM FOR RELIEF
### Violation of the INA:
### Request for Relief Pursuant to *Maldonado Bautista*

25. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

26. As a member of the Bond Eligible Class, Petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a).

27. The order granting partial summary judgment in *Maldonado Bautista* holds that Respondents violate the INA in applying the mandatory detention statute at § 1225(b)(2) to class members.

PETITION FOR WRIT OF HABEAS CORPUS - 5

28.  The order granting class certification in *Maldonado Bautista* further orders that "[w]hen considering this determination with the MSJ Order, the Court extends the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole."

29.  Respondents are parties to *Maldonado Bautista* and bound by the Court's declaratory judgment, which has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a).

30.  By denying Petitioner a bond hearing under § 1226(a) and asserting that she is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista*.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

a.  Assume jurisdiction over this matter;

b.  Issue a writ of habeas corpus requiring that within one day, Respondents release Petitioner;

c.  Alternatively, issue a writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days;

d.  Award Petitioner attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

e.  Grant any other and further relief that this Court deems just and proper.

DATED this 19th day of December, 2025.

*Lorena Villalon*
Lorena Villalon
TX Bar No. 24115907
222 N. Expressway 77, Suite 172

PETITION FOR WRIT OF HABEAS CORPUS - 6

Brownsville, Texas 78521

*Attorney for Petitioner*